UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-20169-CIV-HOEVELER

HORACE FELIU,

       Plaintiff,

v.

KATHERINE FERNANDEZ
RUNDLE, FRANK H. GILBERT,
HARVEY WASSERMAN, and
RONALD M. STROYNE,

       Defendants.

_____/

## ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

THIS CAUSE comes before the Court on the motions for summary judgment filed by Defendants Gilbert, Wasserman, and Stroyne.[1]  The Court heard argument from the parties on April 18, 2007; at the conclusion of the argument, the Court determined that the motions for summary judgment should be granted.  This order memorializes that ruling.

Plaintiff's Amended Complaint was filed on April 11, 2005, alleging violations of 42 U.S.C. §1983 including arrest without probable cause, due process violations, false prosecution, etc.  Plaintiff also seeks relief/damages for Civil Conspiracy (Count II), Malicious Prosecution (Count III), False Imprisonment (Count IV), and Intentional Infliction of Emotional Distress (Count V).  The law enforcement Defendants' (Frank H.

_____

[1]This Court previously, on August 8, 2005, dismissed Plaintiff's claims against Defendant Katherine Fernandez Rundle.

Gilbert, Detective, City of South Miami Police Department, and Harvey Wasserman, Investigator, State Attorney's office) motions for summary judgment argue that Plaintiff's own recorded statements reveal that there was probable cause for his arrest, and that they are entitled to an immunity defense. Defendant Ronald M. Stroyne (a private operator of municipal parking meters under contract with the City of South Miami) argues that he cannot be held liable as to any of the claims, and specifically argues that there was no conspiracy.

The following facts are not disputed. Plaintiff was the mayor[2] of South Miami when he was arrested on the eve of election day in February 2004; he was charged with violating campaign finance laws by having accepted a check in the amount of $1,300 (a figure in excess of the campaign contribution limit, and therefore in violation of Fla. Stat. §106.19(1)(a)), and having done so while at a government building (Fla. Stat. §106.15(4)). The payee line of the check which Plaintiff accepted was blank; the check was presented to him at City Hall by Defendant Stroyne, who was wearing a tape recording device (allegedly on behalf of law enforcement) at the time. According to a transcript of that tape recording, Plaintiff acknowledged Defendant Stroyne's offer of "thirteen hundred dollars" by saying "thank you" and "that'll help me a great deal." In response to Defendant Stroyne's statement that he didn't "know who to write it out to,"

---

[2]According to the parties, the Plaintiff won a recent election and is currently Mayor of South Miami, after having lost his bid for re-election in February 2004. Plaintiff's continuing pursuit of elected office is interesting in light of his recorded statement after his arrest: "You know, I wish I had not gone into politics." Transcription of Tape #3, p. 12 (Exhibit B, Defendant Gilbert's Statement of Material Facts in Support of Motion for Summary Judgment).

Plaintiff said "Don't worry; I'll take care of that."  Plaintiff specifically told Defendant Stroyne to "Leave it blank."[3]  Transcription of Tape #3, p. 4 (Exhibit B, Defendant Gilbert's Statement of Material Facts in Support of Motion for Summary Judgment).  At the subsequent jury trial, Plaintiff Feliu was found not guilty.

## ANALYSIS

To succeed on a summary judgment motion, the moving party must establish that the weight of all the evidence, considered in a light most favorable to the non-moving party, demonstrates that there are no triable issues of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317 (1986).  Under this strict standard, summary judgment is appropriate only if the record evidence shows that the moving party is entitled to judgment as a matter of law.  Rule 56(c), Fed. R. Civ. P.  The pertinent facts in this case are undisputed, as noted above, and this case is appropriate for summary judgment.

Plaintiff claims that he was arrested as a result of a "sting" which was initiated based upon prior false statements by Defendant Stroyne,[4] and that Defendants Stroyne and Gilbert had discussed pursuing Plaintiff as early as September but didn't effectuate his arrest until February.  He also claims that his alleged misconduct should have been

---

[3]This is an obvious reference to the payee line of the check, thereby indicating that Plaintiff accepted the check without a specified payee.

[4]Plaintiff argues that he was entrapped.  However, entrapment "is an affirmative defense in a criminal case, not a cause of action under § 1983," Kramer v. Village of North Fond du Lac, 384 F.3d 856, 865 (7th Cir. 2004).

addressed through a complaint to elections officials, rather than as a criminal investigation.  Plaintiff does not deny that the tape recording of his meeting with Defendant Stroyne was made, but he argues that the check he received was not negotiable, and therefore not in violation of the campaign contribution laws, because it lacked a "payee" – an argument which the Court summarily dismisses.[5]

Defendants Detective Gilbert and Investigator Wasserman seek the protection of qualified immunity, which would shield them from liability if this Court determines that the Defendants' conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known.  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  As both Defendants work for law enforcement agencies (the City of South Miami Police Department and the Public Corruption Unit of the Miami-Dade State Attorneys' Office, respectively), the Court finds that they were acting within the scope of their discretionary authority when the allegedly wrongful arrest and other acts occurred. Harbert Int'l v. James, 157 F.3d 1271, 1282 (11th Cir. 1998).  Having so stated, the Court then must determine whether the alleged facts, taken in the light most favorable to Plaintiff, show that the Defendants' conduct violated a constitutional right.  Davis v. Williams, 451 F. 3d 759, 762, citing Saucier v. Katz, 533 U.S. 194 (2001).

The arresting officer, Defendant Wasserman, need not establish the existence of actual probable cause for Plaintiff's arrest, but rather that a reasonable officer "could have" believed that probable cause existed, i.e., that "arguable probable cause"

---

[5]Plaintiff's other arguments do not merit analysis, e.g., that he only was present at the government building because he was told to be there by Defendant Stroyne, that the Defendants did not precisely follow their original plan for the investigation, etc.

existed.  "To determine whether arguable probable cause exists, courts must look to the totality of the circumstances," Davis v. Williams, 451 F. 3d 759, 763 (11th Cir. 2006). When determining whether probable cause existed, the subjective intent of the officer is not relevant, Davis v. Scherer, 468 U.S. 183, 191 (1984) (qualified immunity is evaluated under a purely objective standard); "an arrest will be upheld if the objective circumstances justify the arrest." United States v. Jones, 377 F. 3d 1313, 1314 (11th Cir. 2004), citing Arkansas v. Sullivan, 532 U.S. 769 (2001).

The record in this case is clear.  The tape recording and Plaintiff's own Amended Complaint show that he received the excessive campaign contribution while he was at a government building.[6]  In light of these facts it is clear that there was arguable, as well as actual, probable cause to arrest Plaintiff; therefore, the arresting officer, Defendant Wasserman, is not liable.  Nor are Defendants Gilbert and Stroyne liable for wrongful arrest, as they had no role in evaluating the probable cause for the arrest.  In addition, the existence of probable cause for the arrest bars Plaintiff's claims for false imprisonment and malicious prosecution.[7]

Plaintiff's due process claims also must fail.  Plaintiff's complaint that his "alleged" misconduct should have been reported to the Florida Elections Commission,

---

[6]There is no indication that Plaintiff was threatened or placed under any sort of duress which forced him to be at the government building when the meeting with Defendant Stroyne took place, nor is there any indication that Plaintiff was forced to accept the contribution at that time – i.e., Plaintiff was free to leave or to refuse the contribution.

[7]For example, malicious prosecution requires, inter alia, demonstration that the arrest was without probable cause, and that the Defendant acted with malice.

pursuant to Fla. Stat. §106.25, ignores the language in that statute itself: "nothing in this section limits the jurisdiction of any other officers or agencies of government empowered by law to investigate, act upon, or dispose of alleged violations of this code." Thus, Defendants Gilbert and Wasserman did not deprive Plaintiff of due process by their pursuit of the investigation which resulted in Plaintiff's arrest.

As to Plaintiff's civil conspiracy claims, the Court finds that Defendants are entitled to judgment in their favor. The elements of a conspiracy claim under Florida law include, *inter alia*, that two or more parties agree to "do an unlawful act or to do a lawful act by unlawful means." Raimi v. Furlong, 702 So. 2d 1273, 1284 (Fla. 3rd DCA 1997). Further, to find that a conspiracy existed, the Court must find an underlying independent wrong which would constitute a cause of action if the wrong were done by one person. Id. (citations omitted). As discussed above, the arrest – and subsequent detention and prosecution – were supported by probable cause, and Plaintiff has offered insufficient proof of any wrongdoing by any of the Defendants that would constitute an independent cause of action.

Indeed, Plaintiff fails to demonstrate precisely what would be the "unlawful act" or "lawful act done by unlawful means" in this alleged conspiracy. It is clear that "acts for which a prosecutor enjoys absolute immunity may not be considered as evidence of the prosecutor's membership in a conspiracy for which the prosecutor does not have immunity." Rowe v. City of Fort Lauderdale, 279 F.3d 1271 (11th Cir. 2002). Thus, the already dismissed Defendant Katherine Fernandez Rundle, who as chief prosecutor in Miami-Dade County was granted absolute immunity from liability in this case, is not

included as a member in the conspiracy.  Similarly, in light of the facts of this case and

the Court's conclusions that qualified immunity applies to Defendant Wasserman as to

the arrest, the Court does not find that Defendant to be liable for a civil conspiracy to

effectuate that arrest.  And, finally, Defendant Gilbert and Defendant Stroyne did not

have a role in evaluating the probable cause for the arrest and prosecution, and none

of their allegedly conspiratorial acts demonstrate the existence of a conspiracy to

commit an unlawful act or a lawful act by unlawful means.

As evidence of the lawfulness of his own conduct, Defendant Stroyne points to

Plaintiff's own admissions in his Amended Complaint, that Stroyne "worked in

association with and in concert with the City of South Miami Police Department ...;" that

"Stroyne was 'wired' by Rundle, Wasserman, and Gilbert [and was] instructed to

contact Feliu ... and to specifically initiate a discussion of donating money [to the

campaign]."  Defendant Stroyne argues that these statements all demonstrate that

whatever Defendant Stroyne did, he did while acting under the authority of his co-

defendants.[8]  Further, Defendant Stroyne argues that the arrest was made

independently of what he originally had reported about Plaintiff's earlier solicitation of

campaign support.[9]  Defendant Stroyne also argues that the alleged conspiracy is not

what caused the arrest, but rather that Plaintiff's own statements and conduct resulted

---

[8]Defendant Stroyne claims that his conduct was pursuant to the direction of
Defendants Gilbert and Wasserman and should be shielded by the same qualified
immunity.  The Court need not address this argument, in light of the conclusions above.

[9]Plaintiff's interaction with Defendant Stroyne, a contractor with the City of South
Miami, may have been inappropriate if it involved a solicitation of support for Plaintiff's
candidacy in the City of South Miami mayoral race.

in his arrest. The Court agrees. For all of the above reasons, the Court finds that Plaintiff has failed to establish the existence of a conspiracy.

Defendants also seek summary judgment as to the claimed intentional infliction of emotional distress, arguing that there is insufficient evidence to support such a claim. A claim of intentional infliction of emotional distress requires that the conduct be so "outrageous, that is, as to go beyond all bounds of decency, and to be regarded as odious and utterly intolerable in a civilized community." Clement v. Horne, 707 So. 2d 865 (Fla. 3d DCA 1998). The undisputed facts of this case fall far short of establishing that the Defendants' conduct was outrageous. It would be perverse indeed to label as "utterly intolerable in a civilized community" the work of public servants, e.g., Defendants Gilbert and Wasserman, and private citizens, e.g., Defendant Stroyne, who successfully identify and pursue those elected officials alleged to have violated the public trust.

It bears mention that Plaintiff Feliu's claim for damages against Defendants in their official capacities, i.e., as state government employees, is subject to the state's limited waiver of sovereign immunity, as described in Fla. Stat. §768.28(6)(a) which requires that notice of the claim be provided to state agencies to give them an opportunity to accept or reject the claim. Plaintiff admits that he only gave notice contemporaneously with the filing of his Amended Complaint, but argues that such notice is sufficient, or at most simply requires a temporary procedural stay of this action because curing the noncompliance prior to trial is sufficient. Hattaway v. McMillian, 903 F.2d 1440 (11th Cir. 1990). Even if Plaintiff had satisfied the procedural

requirements, it appears that he could not meet the substantive requirements of that statute, which limit liability of individual government employees to only those job-related actions which were taken "in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." Fla. Stat. §768.28(9)(a). In light of the Court's conclusions, above, the Court does not find that Plaintiff has established bad faith, malicious purpose, or a wanton or willful disregard of Plaintiff's rights by Defendants Gilbert or Wasserman.

In summary, the facts of this case demonstrate that there is no basis for liability under 42 U.S.C. §1983 because Plaintiff's right to be free from unreasonable seizure/arrest has not been violated. Plaintiff's own admitted actions provide a more than sufficient basis for this Court to conclude that a reasonable law enforcement officer would have probable cause for this arrest. As such, the claims brought under §1983, as well as the malicious prosecution and false imprisonment claims must fail. Further, there is no basis for a finding of a civil conspiracy, nor has Plaintiff met the requisite burden to establish that the Defendants are guilty of the intentional infliction of emotional distress. It is therefore

ORDERED AND ADJUDGED that the Defendants' motions for summary judgment are GRANTED.

DONE AND ORDERED in Chambers in Miami this 16 day of May 2007.

WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT COURT JUDGE

9

Copies furnished:
Sheridan K. Weissenborn
David Charlip
Jane Moscowitz
Richard McDuff